```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA


IRVING MURRAY,                    :
        Plaintiff                 :
                                  :
    v.                            :    CIVIL NO.3:CV-05-431
                                  :
                                  :    (Judge Conaboy)
JEFFREY A. BEARD, ET AL.,         :
        Defendants                :
_____
```

## MEMORANDUM
### Background

Irving Murray, an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview), initiated this pro se civil rights action. Service of the complaint was previously ordered. Two of the named Defendants are Kathleen Kennedy and Jane Davis, both of whom are employed as Physician Assistants (PA) at SCI-Rockview.

Murray's original complaint alleges that on November 25, 2004, he was punched in his left eye three times by a John Doe Defendant. As a result of his injury, Plaintiff was put on medication for two weeks. He generally adds that "K. Kennedy denies me medical sick due to my filing grievance on her, she refuses to medically treat me for my eyes or anything, same with J. Davis, denies medical care." Doc. 1, ¶ IV(2). The original complaint and accompanying supplement contain no other mention of Defendants Kennedy and Davis.

On April 18, 2005, Murray filed a document which will be

1

construed as an amended complaint.[1] Therein, Plaintiff describes Kennedy and Davis as PAs who were responsible for conducting sick call in the SCI-Rockview mental health unit. See Doc. 27, ¶¶ 13-14. He adds that both Defendants are being sued in their individual capacities. Plaintiff asserts that due to depression, he attempted suicide on November 25, 2004. A number of correctional officers intervened and forced Murray to the floor. While on the floor and being handcuffed Plaintiff was allegedly punched in the left eye by an unidentified correctional officer three (3) times "causing it to bleed". Id. at ¶ 31.

On November, 29, 2004, Defendant Kennedy came to Plaintiff's cell, and after observing his eye injury had the prisoner placed on antibiotics for two (2) weeks. Plaintiff generally states that from December, 2004 to March, 2005 he was denied medical care for his left eye, damaged skin and headaches. See id. at ¶¶ 54-55. He further indicates that treatment was withheld in retaliation for his submission of institutional grievances. See id. at ¶ 57. The prayer for relief in Murray's amended complaint asserts that Davis and Kennedy were among a group of Defendants who violated his rights

---

[1] The amended complaint seeks relief under § 1983 claims and also asserts pendent state law tort claims of assault and battery stemming from the purported events of November 25, 2004.

under the Eighth Amendment by failing to provide him with adequate medical care.  See id. at Prayer for Relief, ¶ A (4).

Presently pending is Kennedy and Davis' motion to dismiss Plaintiff's action for failure to state a claim upon which relief may be granted.  See Doc. 36.  The motion is ripe for consideration.

## Discussion

The moving defendants contend that they are entitled to an entry of dismissal because Murray "fails to identify any particular actions or conduct by which they are alleged to have violated Plaintiff's Eighth Amendment rights."  Doc. 37, p. 4.

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

3

entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief."  Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted).  Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them."  Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997).  Finally, it is additionally well-settled that pro se complaints should be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  This Court will now discuss Defendants Kennedy and Davis' motion in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**PA Davis**

A plaintiff, in order to state a viable civil rights claim under § 1983, must plead two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the

4

Constitution or laws of the United States. <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 638 (3d Cir. 1995); <u>Shaw by Strain v. Strackhouse</u>, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims also cannot be premised on a theory of <u>respondeat</u> <u>superior</u>. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077 (3d Cir. 1976). As explained in <u>Rode</u>:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.

<u>Rode</u>, 845 F.2d at 1207.

A review of both the original and amended complaint provides that PA Davis is listed as a Defendant and described as being one of the PAs responsible for conducting sick call in the SCI-Rockview mental health unit. The following prison medical personnel have also been named by Murray as being Defendants: Medical Administrator Richard Ellers; Mental Health Director Robyn E. Johns, Ph. D.; Doctor Radecki; Darlene Kenney, R.N.; Doctor Kevin Burke; Doctor Symons; Doctor Fred Mave; Sandy

Kibler, R.N.; D. McKissick, R.N.; Nursing Director Amy Crissitello; and Pat Moyer, R.N.  Murray asserts that he suffers from psychiatric problems and was under the care of Doctor T. Radecki, a psychiatrist.  The original and amended complaints make reference to the following additional medical needs/problems:  Hepatitis C, a need for eyeglasses, HIV positive, a fractured right arm, headaches, and a skin condition.  Murray generally asserts that he was denied needed medical treatment for the above listed problems.  However, he does not set forth any factual averments regarding PA Davis other than the fact that she conducted sick call in the mental health unit.

    Under the standards announced in Rode and taking into consideration the Plaintiff's pro se status, the original and amended complaints fail to satisfy Murray's burden of alleging that PA Davis was personally involved in any unconstitutional conduct.  A general description that Davis was one of the PAs who conducted sick call in the mental health unit is clearly insufficient.  Likewise, listing Davis as being one of several members of the SCI-Rockview medical staff who were deliberately indifferent is equally inadequate.  Defendant Davis' request for dismissal will be granted.

6

**PA Kennedy**

With respect to PA Kennedy, it is argued that Murray's sole averment that Kennedy had him placed on an antibiotic on November 29, 2004 does not rise to the level of an actionable claim of deliberate indifference.

Pursuant to the Supreme Court's decision in <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), an inmate plaintiff must demonstrate that prison officials have breached the standard of medical treatment to which he was entitled.  The government has an "obligation to provide medical care for those whom it is punishing by incarceration."  <u>Id</u>. at 103.  However, a constitutional violation does not arise unless there is "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain." <u>Id.</u> at 104 (citation omitted).  A later decision by the Supreme Court established that the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 841 (1994).

Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not

7

become a constitutional violation merely because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106.  Where a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence.  <u>See</u> <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 69 (3d Cir. 1993).  It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation.  <u>See</u> <u>id</u>.

Deliberate indifference requires more than a medical error.  Rather, it must be shown that a prison official failed to take appropriate action despite his/her knowledge that such conduct would create a substantial risk of serious harm.

As with PA Davis, the amended complaint describes Defendant Kennedy as being a PA who conducted sick call in the SCI-Rockview mental health unit.  Based on a review of Plaintiff's allegations, there are no viable assertions that PA Kennedy caused or acquiesced in any unjustified delays with respect to Plaintiff's medical treatment while at SCI-Rockview.  There are also no assertions that Kennedy failed to implement a course of treatment recommended by a treating physician.

On the contrary, the only specific averment regarding Kennedy is that upon seeing the Plaintiff's left eye injury, she directed that he be placed on an antibiotic for two weeks and

that Murray began receiving the prescribed medication the following day.  Such purported conduct does set forth a viable deliberate indifference claim under Estelle.

In conclusion, the Plaintiff's allegations at best challenge the quality of his medical care provided by PA Kennedy, claims which under Estelle are not properly asserted under § 1983.  An appropriate Order will enter.[2]

                                          S/Richard P. Conaboy
                                          RICHARD P. CONABOY
                                          United States District Judge

DATED: MARCH 3, 2006

---

[2] Although the Plaintiff sets forth pendent state law tort claims, those claims are not asserted against either of the moving Defendants.

```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA


IRVING MURRAY,                       :
        Plaintiff                    :
                                     :
    v.                               :    CIVIL NO. 3:CV-05-431
                                     :
                                     :    (Judge Conaboy)
JEFFREY A. BEARD, ET AL.,            :
                                     :
        Defendants                   :
```

**ORDER**

AND NOW, THIS 3rd DAY OF MARCH, 2006, IT IS HEREBY ORDERED THAT:

    1.    Defendants Kennedy and Davis' motion to dismiss (Doc. 36) is granted.

    2.    Dismissal is entered in favor of Physician Assistants Kathleen Kennedy and Jane Davis

<u>S/Richard P. Conaboy</u>
United States DistrictJudge